IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| CYNTHIA J. RIOS, | ) | 8:09CV320 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **MEMORANDUM** |
| | ) | **AND ORDER** |
| GENERAL SERVICE BUREAU, a | ) | |
| corporation, and DOES 1 | ) | |
| THROUGH 10, inclusive, | ) | |
| | ) | |
| Defendants. | ) | |

The plaintiff filed her complaint in this matter on September 9, 2009. (Filing No. 1.) The plaintiff has previously been given leave to proceed in forma pauperis. (Filing No. 5.) The court now conducts an initial review of the complaint to determine whether summary dismissal is appropriate under 28 U.S.C. § 1915(e)(2).

I. SUMMARY OF COMPLAINT

The plaintiff filed her complaint on September 9, 2009, against General Service Bureau and ten "Does," who the plaintiff identifies as individuals who are affiliated with General Service Bureau. (Filing No. 1 at CM/ECF p. 2.) The plaintiff alleges that General Service Bureau is a "collection agency" located in Omaha, Nebraska. (*Id.* at CM/ECF p. 1.) Condensed and summarized, the plaintiff alleges that, at some point prior to April 2009, "it was alleged the plaintiff incurred" debt, which was transferred to General Service Bureau for collection. (*Id.*) The plaintiff disputed this debt through "Experian's Dispute service," and contacted the defendants directly and requested that they verify the debt. However, the defendants never responded and never verified the validity of the debt with the plaintiff, but did so directly with the "credit bureaus." The debt remains on the plaintiff's credit report, causing the plaintiff "loss of self-esteem and peace of mind," "emotional distress," and

"humiliation." (*Id.* at CM/ECF pp. 2-3.) The plaintiff seeks only unspecified monetary relief. (*Id.* at CM/ECF p. 5.)

## II.  APPLICABLE LEGAL STANDARDS ON INITIAL REVIEW

The court is required to review in forma pauperis complaints to determine whether summary dismissal is appropriate. *See* 28 U.S.C. § 1915(e)(2). The court must dismiss a complaint or any portion thereof that states a frivolous or malicious claim, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

A pro se plaintiff must set forth enough factual allegations to "nudge[] their claims across the line from conceivable to plausible," or "their complaint must be dismissed" for failing to state a claim upon which relief can be granted. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 569-70 (2007); *see also Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1950 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."). Regardless of whether a plaintiff is represented or is appearing pro se, the plaintiff's complaint must allege specific facts sufficient to state a claim. *See Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985). However, a pro se plaintiff's allegations must be construed liberally. *Burke v. North Dakota Dep't of Corr. & Rehab.*, 294 F.3d 1043, 1043-44 (8th Cir. 2002) (citations omitted).

## III.  DISCUSSION OF CLAIMS

The court liberally construes the plaintiff's complaint to allege a claim under the Fair Debt Collection Practices Act ("FDCPA"). 15 U.S.C. § 1692. "The FDCPA is designed to protect consumers from abusive debt collection practices and to protect

ethical debt collectors from competitive disadvantage. . . . The Act prohibits, *inter alia*, "the use or threat of violence, obscene language, publication of shame lists, and harassing or anonymous telephone calls. . . . Debt collectors cannot use false, deceptive, misleading, unfair or unconscionable means to collect or attempt to collect a debt." *Quinn v. Ocwen Fed. Bank FSB*, 470 F.3d 1240, 1246 (8th Cir. 2006) (citations omitted). Thus, the FDCPA relates to the collection of debts, and where there are no allegations that a debt collector "attempted to collect on a debt," a plaintiff has no claim under the FDCPA. *Russell-Allgood v. Resurgent Capital Servs., L.P.*, 515 F. Supp. 2d 1307, 1310-11 (N.D. Ga. 2007), *vacated on other grounds*. Moreover, the FDCPA does not require that debt collectors "refrain from reporting account information solely because a debtor informs the collector that he believes the account to be fraudulent. Such a policy would encourage debtors to claim that their debts were fraudulent so that the debts would be removed from their credit files." *King v. Asset Acceptance, LLC*, 452 F. Supp. 2d 1272, 1282 (N.D. Ga. 2006).

Here, the plaintiff alleges that the defendants reported and verified a debt which now appears on her credit report. However, the plaintiff does not allege that the defendants in any way attempted to collect the debt. Rather, the plaintiff simply complains that the she disputed the debt, but that it still appears on her credit report. As set forth in *King*, the defendants have no obligation to remove the debt from the plaintiff's credit file based only on the plaintiff's report that the debt is fraudulent. In addition, without any allegations that the defendants attempted to collect, or collected, the debt, the plaintiff fails to state a claim upon which relief may be granted under the FDCPA. As such, this claim is dismissed. However, the plaintiff may have claims for "invasion of privacy" under state law and claims based on California statutes. (Filing No. 1.) Thus, the court will dismiss the plaintiff's complaint without

prejudice to reassertion in the proper forum.[1]

  IT IS THEREFORE ORDERED that:

  1. the plaintiff's complaint (filing no. 1) is dismissed without prejudice to reassertion in the proper forum.

  2. A separate Judgment will be entered in accordance with this Memorandum and Order.

  Dated January 20, 2010.

        BY THE COURT

        s/ Warren K. Urbom
        United States Senior District Judge

---

[1] The plaintiff's complaint does not assert, or support, the court's diversity jurisdiction under 28 U.S.C. § 1332 because the amount in controversy is not alleged to be greater than $75,000.00, as required for diversity of citizenship jurisdiction. 28 U.S.C. § 1332(a).